## COOK v. DOBBS.

### 4-3237

Opinion delivered December 11, 1933.

*R. L. Derryberry* and *J. Loyd Shouse,* for appellant.

*J. H. Black,* for appellee.

HUMPHREYS, J. This is an appeal from a decree rendered by special chancellor Berry Floyd, in the chancery court of Marion County, in favor of W. H. Dobbs, on motion filed in an original attachment proceeding for a judgment against the intervener, G. E. Roberts, and his bondsmen, J. B. Cook, N. A. Lowery and W. F. Butler, for the value of certain property not returned by them in the attachment proceeding in the same court, wherein

W. H. Dobbs was plaintiff and Paul Stone defendant. The attachment proceeding was tried by the regular chancellor, Judge Sam Williams, at a prior term of court, and a decree rendered therein.

It was alleged in the motion that the intervener, G. E. Roberts, obtained the release of 1,400 railroad ties which had been attached in the attachment proceeding by filing a bond conditioned for their return; and, in the decree sustaining the attachment, the intervener was ordered to return or deliver them to the sheriff, which he failed to do; and that his bondsmen, J. B. Cook, N. A. Lowery and W. F. Butler, are liable therefor.

J. B. Cook and Floyd Butler denied the execution of the bond or that the intervener, J. B. Roberts, failed to return or deliver any of the property ordered to be returned or delivered in said decree. This answer was sworn to before the clerk of the court.

When the motion was called for trial, appellants herein objected to the trial thereof on oral evidence, and requested that same be heard on depositions, which request was refused, over their objection and exception.

Appellants contend that this ruling by the court constituted prejudicial, and therefore reversible, error. We do not understand that the statute allowing the use of depositions in equitable proceedings is mandatory. The language of the statute is that "depositions may be used on the trial of all issues, and upon all motions in actions by equitable proceedings." Even though the request to do so was made by appellants, and refused by the court, no showing is made that the action of the court prejudiced them in any way. No reversible error was committed by allowing the motion to be tried on oral evidence.

The next contention of appellants for a reversal of the decree finding that they executed the intervener's bond is that there is no evidence whatever to support it. They call attention to the fact that they verified the response denying the execution of the bond, and to the recital in the decree that the issues joined by the motion and response were tried upon the evidence of certain witnesses and certain excerpts from the witnesses who testi-

fied in the attachment proceeding, and that none of said witnesses testified that the intervener's bond was given. The decree did not recite specifically that all the pleadings and proceedings in the attachment suit were before the special chancellor, but, of course, they were, as this motion was filed in that case. The transcript herein shows that the clerk read the original decree in the attachment proceeding to the special chancellor, yet no mention was made of it in the decree rendered by the chancellor. It appears that, in the original decree the intervener's bond called in question was referred to. In the decree sought to be reversed on this appeal, the special chancellor specifically found "from the record in this case that J. B. Cook, Floyd Butler and N. A. Lowery are the bondsmen of the intervener, G. E. Roberts," meaning, of course, that the record in the attachment proceeding before him, and subject to his inspection, showed that they had executed the bond. This proceeding, by motion in the attachment suit, was a continuation thereof for the purpose of obtaining the property, or its value, from the intervener and his bondsmen, who failed to return the attached property to the sheriff in accordance with the original decree. The record in the entire proceeding was necessarily before the special chancellor, and we must presume from his finding that the intervener's bond, signed by appellants, was in the files and inspected by him.

Appellants also contend for a reversal of the decree on the ground that the evidence fails to show that the 1,400 railroad ties attached by the sheriff were delivered to the intervener on his cross-bond. The evidence was conflicting in this particular, and we cannot say, after a careful reading thereof, that the finding of the special chancellor was contrary to a clear preponderance of the evidence.

No error appearing, the decree is. in all things affirmed.